

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 15, 1957

Honorable Robert S. Calvert          Opinion No. WW-193
Comptroller of Public Accounts
Capitol Station                      Re: May the claim of an employee
Austin, Texas                            of the Water Resources Com-
                                         mittee for wages due for the
                                         period January 8, 1957,
                                         through January 31, 1957
                                         be passed for payment out
                                         of funds appropriated in
                                         Senate Bill 17, Acts of the
                                         55th Legislature, Regular
Dear Mr. Calvert:                        Session, 1957?

        In your letter of June 27, 1957, you requested an opin-
ion of this office as to whether wages due an employee of the
Water Resources Committee, in the amount of $536.59, may be
passed for payment out of funds appropriated in Senate Bill 17,
Acts of the 55th Legislature, Regular Session, 1957.

        It appears from the enclosed Payroll Voucher that the
claim in question accrued as a result of employment from the
period January 8, 1957 through January 31, 1957.

        Section 1 of Senate Bill No. 17, Acts of the 55th Legis-
lature, Regular Session, reads as follows:

        "Section 1.  There is hereby appropriated
        to the Water Resources Committee out of the un-
        expended balance in the appropriation for neces-
        sary travel expense of members of the Water Re-
        sources Committee, out of the General Revenue
        Fund of Texas in House Bill No. 140, Acts 1955,
        the sum of Seven Hundred Dollars ($700.00), said
        appropriation to be used for payment of salaries
        and wages."

        House Bill No. 454, Acts of the 53rd Legislature, Regu-
lar Session, 1953, chapter 359, page 879, created the Water
Resources Committee.  Section 3 of the Act provides:

        "Sec. 3.  Subject to Section 9 hereof the
        Committee shall have the power to employ such

clerical and technical assistance as it may
deem necessary to perform its functions and
shall employ a chief engineer and an admin-
istrator who shall be a licensed attorney at
law versed in the water laws of this State
and whose duties shall be those laid out by
said Committee."

Section 9 of the Act provided an appropriation for the opera-
tion of the Committee for the biennium in which it was created.
This appropriation expired two years from the effective date of
the Act.

House Bill 140, Acts of the 54th Legislature, Regular
Session, 1955, chapter 519, page 1531, provides an appropriation
for the Water Resources Committee for the current biennium, and
reads as follows:

"WATER RESOURCES COMMITTEE

|  | For the Years Ending | |
| --- | --- | --- |
| | August 31, | August 31, |
| "Out of General Revenue Fund: | 1956 | 1957 |
| "1. For actual and necessary travel expenses of members of the Water Resources Committee | $ 5,000.00 | $ 5,000.00 |

|  | For the Years Ending | |
| --- | --- | --- |
| | August 31, | August 31, |
| "From Public Donations: | 1956 | 1957 |
| "2. For salaries, wages and other necessary expenses pursuant to Chapter 359, Acts, Fifty-third Legislature, Regular Session, (House Bill No. 454), estimated at . . . . . . | $20,400.00 | $20,400.00 |
| "Total, General Revenue appropriation and estimated public donations | $25,400.00 | $25,400.00" |

It is apparent that the appropriation as provided for
under the provisions of this Act were insufficient to provide for
the salary expenses represented by the claim in question.

Section 5 of Article III of the Constitution of Texas, among other things, provides that the Legislature shall devote the first thirty days of each regular session to the introduction of bills and resolutions, and acting upon emergency appropriations.

Inasmuch as the Legislature is given specific authority by the Constitution of Texas to act upon emergency appropriations at the outset of any regular session, and inasmuch as the 55th Legislature saw fit to enact an emergency appropriation in the form of Senate Bill No. 17, Acts of the 55th Legislature, Regular Session, 1957, we believe this appropriation is in all respects valid.  The Legislature, in effect, amended the appropriation made to the Water Resources Committee under the provisions of House Bill 140, Acts of the 54th Legislature, Regular Session, 1955, chapter 519, page 1531, and supplemented the appropriation for salaries, wages and other necessary expenses, as provided for in House Bill 140, with that of a portion of the unexpended balance in the appropriation for necessary travel expenses of members of the Water Resources Committee as provided for in House Bill No. 140.

Section 49 of Article III of the Constitution of Texas provides:

> "No debt shall be created by or on behalf of the State, except to supply casual deficiencies of revenue, repel invasion, suppress insurrection, defend the State in war, or pay existing debt; and the debt created to supply deficiencies in the revenue, shall never exceed in the aggregate at any one time two hundred thousand dollars."

In our opinion Section 49 of Article III is not applicable to the claim involved in your request.  In the case of this claim, no debt was created inasmuch as House Bill 140, Acts of the 54th Legislature, Regular Session, 1955, chapter 519, page 1531, provided an appropriation to cover the salary claim involved in your request, and it was only as a result of a deficiency in this appropriation that the emergency appropriation, in the form of Senate Bill 17, Acts of the 55th Legislature became necessary.

Section 44 of Article III of the Constitution of Texas provides in part:

> ". . . nor grant, by appropriation or otherwise, any amount of money out of the Treasury of

the State, to any individual, on a claim,
real or pretended, when the same shall not
have been provided for by pre-existing law;
. . ."

It is also our opinion that Section 44 of Article III of the Constitution of Texas is not applicable to the claim involved in your request.  The appropriation involved in Senate Bill 17, Acts of the 55th Legislature, is supported by pre-existing law in the form of Section 3 of House Bill 454, Acts of the 53rd Legislature, Regular Session, 1953, chapter 359, page 379.

For the reason set forth above it is our opinion that Senate Bill 17, Acts of the 55th Legislature, is but an exercise of the recognized authority of the Legislature to appropriate within the current revenues of any given biennium all of the money which it finds is necessary and required for the efficient maintenance and operation of the various agencies of the State. For this reason we answer your question in the affirmative.

## SUMMARY

The claim of an employee of the Water Resources Committee for wages due for the period January 8, 1957 through January 31, 1957 may be passed for payment out of funds appropriated in Senate Bill 17, Acts of the 55th Legislature, Regular Session, 1957.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Wayland C. Rivers Jr.
Wayland C. Rivers, Jr.
Assistant

WCR:wam:zt

APPROVED:

OPINION COMMITTEE
H. Grady Chandler, Chairman
C. K. Richards
Marvin R. Thomas, Jr.
John Lennan

REVIEWED FOR THE ATTORNEY GENERAL
BY:   Geo. P. Blackburn